## PRICE *v.* STATE.

Decided March 26, 1892.

*Appeal—Practice as to setting aside affirmances.*

An order dismissing an appeal or affirming a judgment for want of prosecution will not be set aside without a showing of excuse for the lack of prosecution and of merit in the appeal. In practice the court is lenient in excusing the omission to prosecute, but rigid in demanding a showing of merit.

Thus, an affirmance of judgment on a forfeited bail bond will not be set aside where the only showing of merit is that the bond recited that the accused was under indictment, when in fact he had been committed to jail by a magistrate to await the action of the grand jury.

APPEAL from *White* Circuit Court.

MATTHEW T. SANDERS, Judge.

Judgment was entered in the lower court against C. M. Price and others, declaring a forfeiture upon a bail bond conditioned for the appearance of one Joe Price. The judgment was hitherto affirmed in this court for want of prosecution. Appellants now move the court to set aside the judgment of affirmance and to reinstate the cause upon the docket, alleging that their failure to prosecute the appeal was occasioned by the sickness and death of their attorney. As a showing of merits they aver that the bond was conditioned that Joe Price should appear to answer an indictment then pending, when in fact he was not then under indictment, but had been bound over by a magistrate to await the action of the grand jury. Wherefore, they say there was no legal authority by which the officer could demand or ask for the bond executed by them.

*Oliphint & Shackelford* for petitioner.

*W. E. Atkinson,* Attorney General, *contra.*

COCKRILL, C. J. An order dismissing an appeal or affirming a judgment for want of prosecution will not be set aside without a showing of an excuse for the lack of prosecution and of merit in the appeal. In practice the court has been

lenient in excusing the omission to prosecute, but rigid in demanding a showing of merit. One who seeks relief on the ground of technicality only must himself be in form. In this case the judgment was affirmed for want of prosecution. The appellant asks to have the cause reinstated. His complaint is that judgment was rendered against him on a forfeited bail bond which was not in the exact form required by the law. No lack of power to take a proper bond is claimed, and it is conceded the person for whom the bond was given obtained his liberty by means of its execution and used it to evade a trial for the offense for which he was charged. The form of the bond only is attacked. His defense is therefore technical purely, and we decline to open the judgment for the purpose of considering it.

Motion denied.