## WILL BLACK v. THE STATE.

### No. 2036. Decided October 25, 1899.

**1. Statement of Facts—What Is—Filing.**

Our statutes, both civil and criminal (Revised Statutes, articles 1377-1379a, and article 824, Code of Criminal Procedure), with regard to the preparation and filing of a statement of facts for appeal have reference only and exclusively to a statement of the facts adduced upon the trial upon the merits of the case before the jury or the court as the case may be. And this statement of facts must be filed during the term or within ten days after adjournment upon an order of court allowing that time.

**2. Statement of Facts on Motion for New Trial—Filing.**

Our statutes with reference to the statement of facts in a case have no application to issues of fact formed on grounds set up in the motion for new trial. The facts as to such issues, in order to be entitled to consideration on appeal, must have been filed during the term. The court can not, by order, allow the filing of such a statement after adjournment, there being no statute to authorize such order.

**3. Same—New Trial—Misconduct of Jury.**

A statement of facts with regard to an alleged misconduct of the jury made one of the grounds of the motion for new trial, if filed after adjournment can not be considered on appeal.

**4. New Trial—Misconduct of Jury.**

An affidavit of an attorney as to his information concerning misconduct of the jury in discussing defendant's failure to testify while deliberating upon their verdict, which states no fact and is not supported by the affidavit of his informer, is entitled to no consideration.

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. BARRETT.

Appeal from a conviction of horse-theft; penalty, two years imprisonment in the penitentiary.

There is no statement of the evidence adduced on the trial in the record. The opinion states the facts with regard to the matters discussed.

No briefs for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of horse-theft.

Appended to the motion for new trial is the affidavit of George H. Giddings, stating that he is a member of the firm of Culp & Giddings, counsel for appellant, that defendant did not testify in his own behalf, and that subsequent to the return of the verdict he talked with Holman, one of the jurors, who informed him that some of the jury discussed defendant's failure to testify, while out deliberating upon their verdict. He further states that he prepared an affidavit showing the facts, and requested Mr. Holman to sign it, but he declined to do so until he could see his fellow jurors, and a request was made that the court inquire into the truth of the matter. None of the jurors filed

affidavits.  There is what purports to be a statement of facts contained in the record, but an examination of it discloses that it is only the evidence of the jurors in regard to the subject matter mentioned in the affidavit.  This was filed subsequent to the adjournment of court, and has the agreement of counsel and approval of the district judge appended.  The Assistant Attorney-General moves to strike out this because it is not a statement of facts upon the trial, but only in regard to a matter of fact set up in avoidance of the verdict, involving the misconduct of the jury.  We are of opinion that this motion should be sustained.  Article 824, Code of Criminal Procedure, provides:  "If a new trial be refused a statement of facts may be drawn up and certified and placed in the record as in civil suits.  Where the defendant has filed a motion for new trial, he is nevertheless entitled, if he appeals, to have a statement of the facts certified, and sent up with the record."  So we must look to the Revised Statutes to determine what is the rule in civil cases.  Article 1377, Revised Statutes, is as follows:  "After the trial of any case, either party may make out a written statement of the facts given in evidence on the trial and submit same to the opposite party, or his attorney for inspection.  If the parties or their attorneys agree upon such statement of the facts, they shall sign the same, and it shall then be submitted to the judge, who shall, if he find it correct, approve and sign it, and the same shall be filed with the clerk, during the term."  Article 1378 makes provision for the judge preparing the statement of facts when the parties have failed to agree. Article 1379 provides for entering an order allowing time after the adjournment of court in which to file a statement of facts, not exceeding ten days.  Article 1379a is as follows:  "Whenever a statement of facts shall have been filed after the times respectively prescribed in the preceding articles, 1377, 1378, and 1379 of this chapter, and the party tendering or filing the same shall show to the satisfaction of the Supreme Court or Court of Appeals that he has used due diligence to procure the approval and signature of the judge thereto, and to file the same within the time in this chapter prescribed for filing same, and that his failure to file the same within said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control, the Supreme Court or Court of Appeals shall permit said statement of facts to remain as a part of the record, and consider the same in the hearing and adjudication of said cause, the same as if said statement of facts had been filed in time."  Now, it will be observed that by the terms of article 1377 the statement must be filed within term time; and this is the universal rule, unless there is an order entered upon the minutes authorizing the filing within the granted time after the adjournment of the term.  It is evident to our minds that these statutes refer exclusively to the statement of facts adduced on the trial of the case itself, and have no application to issues of fact formed on grounds set up in the motion for new trial.  Except where the statute makes provision for the filing of papers, which shall become a part of a record on appeal, after the ad-

journment of court, these papers must all be filed during the term. Our statute has not made provision for the filing of evidence, either "affidavits or otherwise," which is adduced for the purpose of sustaining grounds of the motion for new trial, and we are not cited to any cases which so hold. Nearly every ground set out in the Code of Criminal Procedure which forms the basis of a motion for new trial involves matters of fact, and is the subject of contest. While this is true, the statute has not gone further, and provided, as in statement of facts, that this evidence can be filed after the adjournment of court. Nor could a statement of the evidence adduced upon the trial be so filed, except for the warrant of the statute above mentioned. It seems that a contest may be had on the motion for new trial as to the diligence of a defendant in seeking an application for continuance. This may be determined by evidence, and this may be adduced when the action of the court refusing the continuance is called in question by the motion for new trial. But it has been universally held, so far as we are aware, that the action of a court overruling an application for continuance must be perpetuated by bill of exceptions. We take it the same rule applies when the misconduct of the jury is alleged, or when the allegation is that the verdict has been decided by lot, or when a juror has received a bribe to convict, or that he has been guilty of any other corrupt conduct, or that any material witness for the defendant has been, by force, threats, or fraud, prevented from attending court, or where written evidence tending to establish the innocence of the defendant has been intentionally destroyed or removed so that it could not be produced upon the trial, and where newly discovered testimony is alleged. But these matters must be made part of the record during the term of court. There is no statute authorizing such matters to be perpetuated in papers filed subsequent to the term. For the reasons stated, we believe what is set out as a statement of facts in regard to the alleged misconduct of the jury can not be considered; nor the affidavit of the attorney of appellant, because it states no fact, and is not even supported by the affidavit of his informer. It is also contended that the verdict is contrary to the law and the evidence, but, the statement of facts not being before us, we can not consider this matter. The judgment is affirmed.

*Affirmed.*