JOHN JARRETT v. THE STATE.

No. 4579. Decided March 3, 1909.

Rehearing Denied March 23, 1909.

**1.—Drunkenness—Indictment—Different Counts.**

Where an indictment for drunkenness contained two different counts for drunkenness and disturbing the peace, there was no error. Following Waddell v. State, 1 Texas Crim. App., 720, and other cases.

**2.—Same—Election by State.**

The State is not required to elect in misdemeanor cases where the indictment contains different counts. Following Brown v. State, 38 Texas Crim. Rep., 597.

**3.—Same—Misconduct of Jury—Filing—Practice on Appeal.**

Evidence taken upon the question of the misconduct of the jury must be filed during the term time, and where such evidence was filed after term time the same could not be considered on appeal. Following Black v. State, 41 Texas Crim. Rep., 185.

**4.—Same—Conflict of Testimony.**

Where upon trial of drunkenness and disorderly conduct there was a conflict of evidence, the verdict will not be disturbed.

Appeal from the County Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of drunkenness and disorderly conduct; penalty, a fine of $25.

The opinion states the case.

*E. P. Anderson,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of drunkenness and his punishment assessed at a fine of $25.

The indictment charges drunkenness and disturbing the peace in two different counts. Appellant filed a motion to quash the indictment on this account. An indictment may contain several counts charging different misdemeanors. See Waddell v. State, 1 Texas Crim. App., 720, and section 404, subdivision 4, Code Crim. Proc.; also Alexander v. State, 27 Texas Crim. App., 533,

Appellant insists the court erred in failing to require the county attorney to elect which count he would prosecute on. This does not apply in misdemeanor cases. Section 405, Code · Crim. Proc., sub. 4; Brown v. State, 38 Texas Crim. Rep., 597.

The record contains a long rehearsal of supposed misconduct of the jury in the shape of evidence filed after term time. Evidence of this character must be filed during term time. See Black v. State, 41 Texas Crim. Rep., 185, 53 S. W., 116. However, by an examination of the evidence we find there is a clear conflict, and the court found against appellant's contention. The evidence amply authorizes the finding of the court. See Mayes v. State, 33 Texas Crim. Rep., 33; Driver v. State, 37 Texas Crim. Rep., 160.

The evidence in this case is quite conflicting as to whether or not .there was any drunkenness or disorderly conduct, but this was a matter left to the discretion of the jury, and they have seen fit to believe the prosecuting witness. We are not authorized to disturb their finding.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 23, 1909.—Reporter.]