PORTER WILLIAMS v. THE STATE.

No. 4014.    Decided May 19, 1909.

**1.—Assault to Murder—Sufficiency of the Evidence.**

Where upon trial for assault to murder the evidence showed that defendant fired at deceased from a secluded place behind the fence, etc., the conviction is sustained.

**2.—Same—Misconduct of Jury—Statement of Facts—Adjournment.**

Where upon trial for assault to murder the record showed on appeal that the statemant of facts containing testimony about the misconduct of the jury was filed after adjournment of court, the same could not be considered.

Appeal from the District Court of Gregg. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of assault with intent to murder; penalty, two years confinement in the penitentiary.

The opinion states the case.

No brief on file for appellant.

F. J. McCord, Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the District Court of Gregg County on December 1, 1908, on a charge of assault with intent to murder, and his punishment assessed at two years in the penitentiary.

The trial court submitted the issue of assault with intent to murder, aggravated assault and the law of self-defense. There is no criticism of the charge of the court in the record.

The grounds relied on for a reversal are, among other things, that the verdict of the jury is contrary to and unsupported by the evidence. This contention is not sustained by the record. The prosecuting witness testified in substance that, while he was walking along the road, appellant arose from a secluded place behind a fence, and that, while he was making no demonstration, shot at him twice, one load entering his back. If his statement is true, and if the shot had resulted in death, it would have been murder in the first degree, and a clear case of assassination. There was, on the part of appellant and his wife, some evidence raising the issue of self-defense. These, however, were matters for the jury, and in view of their verdict, and the action of the trial court who heard the witnesses and overruled the motion on this ground, we ought not to and can not sustain this assignment.

2. The other grounds of the motion raise the question of the misconduct of the jury in discussing the character of appellant and certain facts touching misconduct by him on other occasions. These matters are evidenced by what purports to be a statement of facts, which was approved after the adjournment of the term of the court. Statements of the facts in respect to such matters must be approved and filed during term time, and can not be filed after the adjournment of the court.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*