WILLIAM PROBEST v. THE STATE.

No. 739.   Decided November 2, 1910.

Rehearing Denied December 21, 1910.

1.—Theft—Misconduct of Jury—Defendant's Failure to Testify—Statement of Facts—Practice on Appeal.

Where, upon appeal from a conviction of theft appellant complained of the misconduct of the jury in referring to and discussing his failure to testify, and the record showed that the testimony with reference to this matter was filed after the adjournment of the court at which appellant was convicted, the same could not be considered.   Following Black v. State, 41 Texas Crim. Rep., 185, and other cases.

2.—Same—Bill of Exceptions—Practice on Appeal.

Where, upon appeal from a conviction of theft, defendant complained of the misconduct of the jury in alluding to his failure to testify, and the bill of exceptions affirmatively showed that evidence had been heard on this issue in the court below, but the same was not filed during the term of court at which the defendant was convicted the same could not be considered; besides the record showed that there was no ground for reversal on the facts.

Appeal from the District Court of Hamilton.   Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*McLean & Scott* and *R. Q. Murphree,* for appellant.—This court can not assume that the trial court heard evidence and found against the truth of the ground stated in defendant's motion for a new trial because in the absence of a denial or controverting affidavit on the part of the State, the trial court was not authorized so to do.   This court can only take defendant's motion for a new trial and his affidavit attached thereto and consider them as true, and if they are sufficient in themselves to warrant a reversal of the case, the case should be reversed.   Stanley v. State, 16 Texas Crim. App., 392; Pickett v. State, 56 Texas Crim. Rep., 68; article 821, Code Crim. Proc.; article 770, Code Crim. Proc.; Tate v. State, 38 Texas Crim. Rep., 261.

On question of jury alluding to defendant's failure to testify: Wilson v. State, 39 Texas Crim. App., 365; Ross v. State, 40 Texas Crim. Rep., 349; Hanna v. State, 46 Texas Crim. Rep., 5; Carroll v. State, 50 Texas Crim. Rep., 485; Hill v. State, 54 Texas Crim. Rep., 646; Buessing v. State, 43 Texas Crim. Rep., 85, 63 S. W. Rep., 318; Rogers v. State, 55 S. W. Rep., 817; Beard v. State, 65 S. W. Rep., 905; Fine v. State, 45 Texas Crim. Rep., 290, 77 S. W. Rep., 806.

*John A. Mobley,* Assistant Attorney-General, for the State.—Cases cited in opinion.

RAMSEY, JUDGE.—In this case appellant was convicted in the District Court of Hamilton County, on March 17, 1910, on a charge of theft, and his punishment assessed at confinement in the penitentiary for a period of two years.

1. The facts in the case are identical in effect with those fully recited in the opinion this day delivered by Judge McCord in the case of Bowen v. State, and it would be useless to here restate them. Again, the questions, except the one we shall hereafter discuss, raised on this appeal are identical with the questions there raised, discussed and decided, and for the most part they do not need to be noticed.

2. Among other grounds in the motion for new trial relied upon by appellant was the action of the jury in referring to and discussing his failure to testify. This matter was investigated by the court who heard the testimony touching same at length. The testimony in reference to this matter was filed in the court below on May 12, 1910. The term of court at which appellant was convicted adjourned on the 13th day of April, 1910. Since the decision of this court in the case of Black v. State, 41 Texas Crim. Rep., 185, it has been uniformly held that the provisions of our statutes, both civil and criminal, with regard to the preparation and filing of statement of facts for appeal, have reference only and exclusively to a state of facts adduced upon the merits of the case before the jury or the court, as the case may be, and that our statutes have no reference to issues of fact formed on grounds set up in motion for new trial, and that the facts as to such issues, in order to be entitled to consideration on appeal, must have been filed during the term. This rule has since been followed by this court in many cases. Mikel v. State, 43 Texas Crim. Rep., 615; Tarleton v. State, 62 S. W. Rep., 748; Reinhard v. State, 52 Texas Crim. Rep., 59; Jarrett v. State, 55 Texas Crim. Rep., 550; Williams v. State, 56 Texas Crim. Rep., 225. It is clear, therefore, under this rule that this ground of appellant's motion is not, in this state of the record, available in this court.

It should be further stated that the identification of appellant in this case was far more satisfactory and conclusive than in the Bowen case. Indeed, considering all the facts in the case, there is, in our minds, no doubt as to the satisfactory identification of appellant.

The judgment of conviction is in all things affirmed.

*Affirmed.*

ON REHEARING.

December 21, 1910.

RAMSEY, JUDGE.—In this case motion for rehearing has been filed questioning the correctness of our opinion on substantially all the matters involved in the appeal.

There is only one matter that we desire to notice and that relates to the ground of the motion for new trial setting up misconduct of

the jury.  As part of the motion for new trial appellant filed a sworn motion to the effect in substance that there had been misconduct on the part of the jury in that after receiving the charge of the court and after retiring to consider of their verdict that they discussed the failure of appellant to take the witness stand to testify in his own behalf.  Attached to this motion is the affidavit of one of the jurors who says, in substance, that after the jury had received the charge of the court and retired to consider of their verdict, and before they had arrived at an agreement it was mentioned two or three times— probably oftener—that appellant had failed to testify in his own behalf, and that it was also remarked by some of the jurors at or about this time and before the jury had arrived at a verdict that if the defendant was an innocent man, why did he not go upon the stand and show where he was.  The affidavit also states that this, however, did not have any effect on the jurors' verdict and that it was also mentioned at the time that "we could not consider this matter for any purpose" and that it was not considered by him. This matter was the subject of review in the trial court, and his action, as well as the evidence in relation thereto, was sought to be preserved in a bill of exceptions.  In the bill, which is complete in itself, and which does not include the evidence taken in support of same, the court makes the following explanation:  "The testimony of the jurors show that the reference to defendant not testifying was a mere casual remark unheard by some of the jurors, and considered by none of them; that those who heard the remark promptly suppressed it; that none of the jurors considered the fact that defendant did not testify as to any evidence of his guilt; that no further reference to the matter was made than the casual remark mentioned.  I therefore conclude no injury or error is shown; defendant received the lowest penalty."  Then follows immediately what purports to be the testimony introduced in support of the motion.  This testimony was filed after the adjournment of the term of court at which appellant was convicted and can not therefore be considered by us.  In deciding the matter, therefore, we must do so with reference to the bill of exceptions preserved to the action of the court in ruling on this matter.  This shows affirmatively and positively that evidence had been heard on the motion, but the record does not show in such a way that we can consider same what this evidence was.  When considered, in view of the statements of the trial court, it must seem evident that, as presented, it furnishes no ground for reversal.  Fox v. State, 53 Texas Crim. Rep., 150; Cabrera v. State, 56 Texas Crim. Rep., 141.

It is therefore ordered that the motion for rehearing be and the same is hereby overruled.

*Overruled.*

McCord, Judge, absent.