## M. J. CROWELL v. THE STATE.

### No. 1572. Decided April 10, 1912.

### Rehearing Denied May 22, 1912.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of murder in the second degree, the evidence sustained the conviction, there was no error.

**2.—Same—Misconduct of Jury—Bill of Exception.**

Where the matter of the misconduct of the jury set up in defendant's motion for new trial was overruled by the trial court after hearing the testimony thereon, and the bills of exception presenting this matter were not filed in the lower court until four months and ten days subsequent to the adjournment of the court, the same could not be reviewed on appeal. Following Probest v. State, 60 Texas Crim. Rep., 608.

**3.—Same—Bill of Exceptions—Practice on Appeal—Statutes Construed.**

Under Section 7, Chapter 39, Thirty-First Legislature, bills of exception can not be filed after ninety days from adjournment of court, and the court has no authority to extend the time beyond that.

**4.—Same—Charge of Court—Murder in the First Degree.**

Where defendant had been acquitted of murder in the first degree, it was unnecessary to submit murder in the first degree, and where the court used a form of charge frequently approved by this court in submitting murder in the second degree and malice, there was no error.

**5.—Same—Charge of Court—Circumstantial Evidence.**

Where, upon trial of murder, the court submitted a correct charge on circumstantial evidence as applied to the facts, there was no error.

**6.—Same—Charge of Court—Alibi—Weight of Evidence.**

Where, upon trial of murder, the court submitted the issue of alibi, accident, reasonable doubt, etc., in a proper manner and no special charges were requested, there was no error.

**7.—Same—Transcript—Practice on Appeal—Bill of Exceptions.**

It is the duty of the clerk to prepare the transcript in criminal cases in preference to civil cases, and a bill of exceptions must be filed in sufficient time to enable the clerk to make out the transcript so that the latter can be filed in the Appellate Court within ninety days from perfecting the appeal as in civil cases under articles 895, 896, Code Criminal Procedure, and the trial court can not grant more time for filing bills of exception thereafter.

**8.—Same—Bill of Exceptions—Practice on Appeal.**

The law makes it the duty of appellant to prepare and file his bills of exception, and they are not in the same category with the statement of facts which the law requires the stenographer to prepare, and where the bill of exceptions has not been filed within time, the same can not be considered on appeal.

Appeal from the District Court of Clay. Tried below before the Hon. A. H. Carrigan.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*L. H. Mathis* and *R. E. Taylor* and *Allen & Allen* and *W. E. Forgy,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted by the grand jury of Clay County, charged with murder. Upon a conviction being had of murder in the second degree, an appeal was prosecuted to this court, and the judgment reversed. The opinion will be found in volume 56, Texas Crim. Rep., beginning on page 480, and the evidence is there so fully stated we do not deem it necessary to restate it here.

Appellant again insists that the evidence is insufficient to support the verdict. We have carefully read the evidence, and under our law, it being incumbent on the jury to pass on the credibility of the witnesses and the weight to be given the testimony, and if the evidence of the State's witnesses was believed by the jury, the circumstances proven are sufficient to support the verdict.

The venue of the case was changed, and this trial was had in Archer County. There are no bills of exception in the record to admitting or rejecting testimony, the only bill in the record relating to the misconduct of the jury. The term of court at which appellant was tried adjourned on April 21, 1911, and the bill of exceptions presenting this matter was not filed until August 31, 1911, four months and ten days subsequent to the adjournment of the court. Under all the decisions of this court we can not consider this bill. In the case of Probest v. State, 60 Texas Crim. Rep., 608, it was held that evidence introduced on matters arising on issues formed on a motion for a new trial must be filed during the term of court. This has been the rule in this court since the rendition of the opinion in Black v. State, 41 Texas Crim. Rep., 185. But under no statute ever enacted could a bill of exceptions relating to any matter be filed four months after the adjournment of court for the term. By the terms of section 7 of chapter 39 of the Act of the Thirty-First Legislature, a party was given thirty days after adjournment of court in which to file bills of exception to matters arising on the trial of the case, and in the Act it was provided that for good cause shown the court might extend the time to not exceeding ninety days from adjournment of court, and had the court undertaken to do so it would not have had authority to extend the time one hundred and thirty days. However, the record discloses the court did not extend the time beyond the thirty days allowed by law, and the bill of exceptions can not be considered by us for any purpose.

The appellant on the former trial was adjudged guilty of murder in the second degree only, consequently it was unnecessary for the court to define or submit murder in the first degree. The court charged the jury: "I instruct you that our statute provides that any person of sound memory and discretion who shall unlawfully kill any reasonable creature in being, within this State, with malice aforethought, shall be deemed guilty of murder, and murder is distin-

guishable from every other species of homicide by the absence of the circumstances which reduce the offense to negligent homicide or manslaughter, or which excuse or justify the homicide.

"The distinguishing characteristic of murder in the second degree is implied malice aforethought. Malice aforethought includes all those states of mind under which the killing of a person takes place without any cause which will in law justify, excuse or extenuate the homicide. It is a condition of the mind which shows a heart, regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken. Malice in its legal sense denotes a wrongful act done intentionally without just cause or excuse."

This charge has been frequently approved by this court as has also the court's charge on circumstantial evidence, and neither of them are subject to the criticisms contained in the motion for new trial.

The court further charged the jury: "In this case the defendant has interposed the defense of what in legal phraseology is termed an alibi, that is, that the defendant was at said time at another and different place from that at which said offense is alleged to have been committed and therefore was not and could not have been the person who committed said offense.

"Now, if you have a reasonable doubt as to the presence of the defendant at the place and at the time where said offense is alleged to have been committed, you will find the defendant not guilty and so say by your verdict.

"Your verdict must not be the result of lot or accident. If you find and believe from the evidence in this case that Mrs. Emma Crowell died as the result of an accident, or, if you have a reasonable doubt as to whether or not her death was the result of an accident, then, in either event, you will acquit the defendant."

This charge does not assume that an offense had been committed, but submits the issues made by the evidence fairly and fully.

These are all the paragraphs of the court's charge criticised. No special charges were requested, and the other grounds in the motion are not supported by any bills of exception.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### May 22, 1912.

HARPER, JUDGE.—At a former day of this term this case was affirmed, and appellant has filed a motion for rehearing, the only ground assigned being that this court should consider the bill of exceptions alleging misconduct of the jury. While in the original transcript there were no orders extending the time in which to file bills of exceptions, attached to the motion for rehearing is a certificate of the clerk, certifying that the court on May 20, 1911, granted

thirty days additional to the time granted in the order overruling the motion for new trial; and that on June 19 the court granted thirty days additional, the ninety days allowed expiring on July 19, 1911. The clerk further certifies that on July 19, 1911, the judge made an order extending the time thirty days from and after July 19. July having thirty-one days this order would expire on August 18, 1911. He also files an affidavit of the clerk, saying that the bill of exceptions was filed August 31, 1911, and he believes that is the true date of filing said papers. In the affidavit, however, he says that the express records show that an express package came to Archer City for him on the 19th day of August, 1911, but he is certain he did not sign for nor receive the package on that day. In fact, he says, the signature on the books of the express company is not his signature. If we should consider the date the package arrived at Archer City as the date of filing, August 19, 1911, it will be seen it would have been filed on the one hundred and twenty-first day after adjournment of court, and would lack one day of being within the time attempted to be allowed by the court. However, the court had no power or authority to grant that much time. The statute expressly states that the time shall not be extended so as to delay the filing of the record in the Appellate Court. By the Code of Criminal Procedure it is made the duty of clerks to prepare transcripts in criminal cases in *preference to civil cases,* article 896, Code Criminal Procedure, and the statute fixes the time in which a transcript can be filed as ninety days from perfecting appeal in civil cases, and article 895, Code Criminal Procedure, provides that the rules prescribed in civil cases shall govern in criminal cases. So in no case could a bill of exceptions be filed in a civil case ninety days even after adjournment, but must be filed in sufficient time prior to that date to enable the clerk to make out the transcript to be forwarded and filed in the Appellate Court within ninety days from the day of adjournment. And while the law contemplates and says that precedence shall be given to criminal cases over civil, yet, in construing the stenographer's statute, we have gone as far as we thought the law could be construed to permit and have considered bills filed in the lower court at any time within ninety days from date of adjournment of court. But by no rule of construction can we hold the trial court can grant more time. For us to do so, would be to override the law as passed by the Legislature, and this we have no more right to do than any other citizen of the State.

Appellant also files the affidavit of the court stenographer that he could not have transcribed the evidence heard on the motion for new trial *before the adjournment of court.* But court adjourned in April, and the bill of exceptions was not filed until in August following. This affidavit, nor any evidence in the record, brings the appellant within the rule that where he has been deprived of a bill through no fault or negligence of his own, this court will consider

same filed at a subsequent date. The law makes it the duty of appellant to prepare and file his bills of exception and they are not in the same category with the statement of facts which the law makes it the duty of the stenographer to prepare. The bill not having been filed within the time permitted by law, nor within the time allowed by the court, we can not consider same. To do so, we would have to overrule all the decisions of this court since its organization, and act in violation of the statute law of the State.

*Overruled.*