The judgment is reversed, and the cause remanded.

---

## DUNNAWAY v. STATE.

(Court of Criminal Appeals of Texas. Jan. 28, 1914.)

ASSAULT AND BATTERY (§ 67*)—SELF-DEFENSE —EVIDENCE.

K., who had previously shot defendant, entered a store where defendant and some friends were and threw a glass at defendant, striking him in the face. Defendant drew a pistol and struck K. over the head twice, when the difficulty was stopped by friends. *Held* that, K. having begun the difficulty, defendant used no more force in repelling the assault than an ordinary prudent man would have done under the same circumstances, and his act was justifiable.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 96, 97; Dec. Dig. § 67.*]

Appeal from Harris County Court, at Law; Clark C. Wren, Judge.

J. D. Dunnaway was convicted of assault, and he appeals. Reversed and remanded.

Heidingsfelders, of Houston, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of making an assault on Oscar Kennley. Mr. Kennley was not introduced as a witness, but the testimony shows a former difficulty between the two men, when Kennley shot and seriously wounded appellant. On this occasion it is shown appellant went into a drug store with some friends to get a cool drink. While at the counter, Kennley threw a glass at him, striking him

in the face, when appellant drew a pistol and struck Kennley over the head twice. Friends interfered and stopped the difficulty. This is the state's case. Appellant's case is that, when Kennley threw the glass and struck appellant in the face, he then reached in his pocket as if to draw a weapon, and appellant says, having been shot by Kennley on a former occasion, he thought his life was in danger, and he drew his pistol and struck deceased. That he did not shoot because of the crowd in the drug store. It is manifest by all the witnesses that Kennley began the difficulty and struck appellant in the face with the glass, and under such circumstances we do not think the evidence will justify appellant's conviction. He used no more force in repelling the assault than any ordinary man would have done.

Reversed and remanded.

---

## HOSKINS v. STATE.

(Court of Criminal Appeals of Texas. Dec. 10, 1913. On Motion for Rehearing, Feb. 18, 1914.)

1. CRIMINAL LAW (§ 1144*) — APPEAL — NEW TRIAL—DENIAL—REVIEW.

Where it appeared that the trial court heard evidence on defendant's motion for a new trial, but the evidence so heard was not in the record, the Court of Appeals would conclude that the testimony did not sustain the motion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2764, 2766–2771, 2774–2781, 2901, 3016–3037; Dec. Dig. § 1144.*]

### On Motion for Rehearing.

2. CRIMINAL LAW (§ 1099*)—APPEAL—STATEMENT OF FACTS—FILING—TIME.

Where a statement of facts heard on a motion for new trial was not filed during the term, it could not be considered on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2866–2880; Dec. Dig. § 1099.*]

Appeal from District Court, El Paso County; Dan M. Jackson, Judge.

Charles R. Hoskins was convicted of forgery, and appeals. Affirmed. Motion for rehearing overruled.

Stanton & Weeks, of El Paso, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. [1] The appellant was convicted of forgery, and his penalty fixed at four years in the penitentiary. He filed a proper plea seeking to have the jury recommend that his sentence be suspended. The court properly submitted this question to the jury, and the jury refused to so recommend. He pleaded guilty. In his motion for new trial he alleged that he had agreed with the district attorney to plead guilty with the understanding from the district attorney that he should receive a sentence of two years, and it should be suspended. He further therein says that he understands that

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

sentence can only be suspended by the court when recommended by the jury, and, the jury having failed to recommend the suspension of his sentence and the district attorney being unable to carry out the agreement with him, he thereupon asked that the verdict be set aside, he granted a new trial, another jury impaneled, and again try his case; that he still insists that he wants to plead guilty, and does not desire to avoid his agreement to that effect, but wants the state to carry out its agreement with him. This is the sole ground for a new trial. The judgment of the court on said motion shows that the court heard evidence thereon and after so hearing the evidence overruled the motion. What this evidence was the record in no way discloses. In his sworn plea, seeking a suspended sentence, he makes no allegation as to any agreement with the district attorney, but merely "states to the court that he has never heretofore been convicted of a felony in this or any other state, and makes application for suspended sentence, in case of conviction, as provided by law."

Under the circumstances we must conclude that the testimony heard by the district judge on his motion for new trial did not sustain his allegation, and that the action of the court in overruling his motion is correct. So that the judgment will be affirmed.

### On Motion for Rehearing.

After the original opinion affirming this case was handed down appellant made a motion for rehearing, and for a writ of certiorari to require the clerk to send up the statement of facts and other data which had not been filed herein when the original opinion was handed down. We granted the writ of certiorari, and the clerk has now sent up, and there has been filed herein, the said papers. By them and the record in connection therewith it is shown that the term of court at which this conviction was had adjourned June 28, 1913. The court stenographer certifies that he was not called upon by appellant or his attorneys to prepare the statement of facts of the trial, nor that heard on his motion for a new trial, until September, 1913, and that he at once, on or about September 5, 1913, prepared both said statements of facts and delivered them to appellant's attorneys. The clerk shows that these papers were not handed to him for filing or other action until "some time in the month of September or October." And that upon inquiry of the district judge who tried the case he was told to put his file mark thereon, as filed July 1, 1913, which he did. What purports to be this original statement of facts heard on the trial of the case is neither agreed to by the attorneys for either side, nor is it in any way approved by the court. What purports to be a statement of facts heard on the motion for a new trial is signed by the district attorney for the state and approved by the

district judge, but it is not signed, nor agreed to by appellant or his attorneys. This, however, would make no difference, as the approval of the judge might be sufficient.

[2] In no event can this purported statement of facts heard on the motion for new trial be considered by this court. In the first place, as shown above, it was not delivered to the clerk for filing until some time in September or October, 1913. Even the file mark placed on it by the clerk, of July 1, 1913, was after the adjournment of the court. It is unquestionably settled in this state that, in order to be considered at all by this court, such statement of facts heard on the motion for new trial must be filed during term time; and, unless so filed, this court cannot consider it. Black v. State, 41 Tex. Cr. R. 185, 53 S. W. 116; Reinhard v. State, 52 Tex. Cr. R. 64, 106 S. W. 128; Jarrett v. State, 55 Tex. Cr. R. 551, 117 S. W. 833; Mikel v. State, 43 Tex. Cr. R. 617, 68 S. W. 512; Williams v. State, 56 Tex. Cr. R. 225, 120 S. W. 421; Probest v. State, 60 Tex. Cr. R. 609, 133 S. W. 263; Tarleton v. State, 62 S. W. 748; Knight v. State, 64 Tex. Cr. R. 541, 144 S. W. 977; Bailey v. State, 144 S. W. 1005. So that, as the record is presented to us, we cannot review appellant's contention that a new trial should have been granted so that his claimed agreement with the district attorney that his sentence should be suspended could be enforced, even if the district attorney had power and authority to make any such agreement.

The motion is overruled.