### George Graham v. The State.

No. 2799.    Decided February 4, 1914.

**1.—Rape—Sufficiency of the Evidence.**

Where, upon trial of rape upon a female under the age of consent, the evidence sustained the conviction under a proper charge of the court, there was no error.

**2.—Same—Charge of Court—Bill of Exceptions.**

Where the bill of exceptions and the motion for new trial did not point out the court's error in refusing to submit requested charges, the same can not be considered on appeal; besides, there was no error.

**3.—Same—Insanity—Charge of Court.**

Where there was no evidence that defendant had ever been tried for insanity, much less convicted, there was no error in the court's refusal of a requested charge, that if the jury believed from the evidence that defendant was ever insane at any time prior to the commission of the offense that the State must prove his sanity at the time of the offense.

**4.—Same—Evidence—Bill of Exceptions.**

Where defendant objected as to certain questions asked prosecutrix as to the time she expected to leave a certain point, but the bill of exceptions failed to show the connection in which these questions were asked and answered, there was no error.

**5.—Same—Evidence—Leading Questions.**

Although the State's counsel's questions were somewhat suggestive and leading, yet where the record showed that the witness seemed to be slow to understand the question otherwise put, there was no error. Following Carter v. State, 59 Texas Crim. Rep., 73.

**6.—Same—Expert Witness.**

Where there was no evidence that defendant had ever been treated as intimated in the questions propounded to witness as to the conduct of lunatics under such treatment, there was no error in the court's refusal to permit same.

**7.—Same—Bill of Exceptions.**

In the absence of approval by the court, the bill of exceptions can not be considered on appeal.

**8.—Same—Argument of Counsel.**

Where the argument of State's counsel was legitimate and in reply to the argument of defendant's counsel, there was no error.

**9.—Same—Punishment—Charge of Court—Harmless Error.**

Where, upon trial of rape, the court omitted to submit to the jury the correct punishment, and the jury could neither have assessed defendant's punishment at death nor at confinement in the penitentiary for life, the error was harmless, under article 743, Code Criminal Procedure.

**10.—Same—Charge of Court.**

Where, upon trial of rape, the charge of the court, when considered as a whole and when reasonably construed, was applicable to the facts, there was no error. Following Christian v. State, 71 Texas Crim. Rep., 566, 161 S. W. Rep., 104.

**11.—Same—Charge of Court—Insanity—Weight of Evidence.**

Where the charge of the court taken as a whole clearly required the jury to believe beyond a reasonable doubt all of the essential elements constituting rape before they could convict, and also properly submitted the question of insanity, there was no reversible error.

**12.—Same—Statement of Facts—Practice on Appeal—Newly Discovered Evidence.**

In the absence of a statement of facts showing approval by the judge and that the evidence heard on motion for new trial on account of newly discovered evidence was filed within term time, the matter can not be considered on appeal. Following Reinhard v. State, 52 Texas Crim. Rep., 59, and other cases; besides, the purported evidence was not newly discovered. Following Gray v. State, 65 Texas Crim. Rep., 204, 144 S. W. Rep., 283.

Appeal from the District Court of Cooke. Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of rape; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Potter, Culp & Culp,* for appellant.—On question of the court's charge: Sain v. State, 66 Texas Crim. Rep., 591, 148 S. W. Rep., 566; McLaurin v. State, 66 Texas Crim. Rep., 251, 146 S. W. Rep., 557; Hinton v. State, 65 Texas Crim. Rep., 408, 144 S. W. Rep., 617; Wallace v. State, 65 Texas Crim. Rep., 654, 145 S. W. Rep., 925.

On question of argument of counsel: Burrell v. State, 62 Texas Crim. Rep., 635, 138 S. W. Rep., 707.

On question of newly discovered evidence: Walters v. State, 79 S. W. Rep., 539; Cox v. State, 63 Texas Crim. Rep., 494, 140 S. W. Rep., 445.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of the rape of a girl under 15 years of age and his punishment assessed at ten years in the penitentiary.

The evidence fully sustains the conviction. Briefly stated it shows

that the young girl alleged to have been raped was just past twelve years of age; that she was traveling on the train from Ochiltree County to New Boston in Bowie County; that her route took her through Gainesville in Cooke County, where she had to change cars and lie over from sometime one day till early the next morning. Upon arriving at Gainesville and getting off the train she ascertained how long she would have to remain there and went to a hotel and procured a room. There appellant saw her and he began his attentions to her, making her presents, taking her to supper and finally went to bed and remained all night with her, having sexual intercourse with her that night and also the next day. He also paid her hotel bill. The first act occurred on the night of April 18, 1913, and the other next morning. The officers in some way got information of what had occurred and arrested him on April 19th. His trial and conviction occurred on June 25, 1913. His motion for a new trial was heard, and evidence introduced thereon, and overruled on July 11, 1913.

There are several objections to the court's charge and the refusal of the court to give some specially requested charges.

The only way error is assigned upon the specially requested charges is by a bill merely stating that the following charge, copying it, was requested, the court refused to give it, to which appellant excepted. And in the motion for new trial, in effect, that the court erred in not giving said special charge, numbering it. It is too well settled to need a citation of the authorities that such bill and motion for new trial are too general to authorize or require this court to consider them. Byrd v. State, 69 Texas Crim. Rep., 35, 151 S. W. Rep., 1071, and cases there cited. However, we have examined each of appellant's special charges, which were refused and those at all proper to be given were fully and substantially embraced in the court's charge. The other is to the effect that if the jury believed from the evidence that the defendant was ever insane at any time prior to the commission of the offense that the State must prove his sanity at the particular time the offense was committed. This is not the law and should not have been given. It is well established that the burden of proof to show insanity when insanity is the defense is upon the appellant and not upon the State. If the party had previously been legally convicted of insanity and a judgment showing this was introduced in evidence, the rule would be different. In this case there is no intimation that appellant had ever been even tried for insanity much less convicted.

Appellant complains that while the alleged raped girl was on the stand the county attorney was permitted to ask her, in one bill, if she learned when her train would leave for New Boston, and she replied: "Yes, sir." He asked her when it left; she answered: "Six o'clock." And he asked when and she said, "In the morning." And he asked if the defendant was with her and she said, "No, sir." The bill does not show the connection in which these questions were asked and answered. It is certainly of such an immaterial matter that could not result in the

reversal of the case, or in any injury to appellant, but it was admissible anyway.

The other two bills were to this same witness' testimony. In one, the county attorney asked her if appellant did anything to her there. She answered, "Yes, sir." He asked what did he do, "Did he have intercourse with you?" She answered, "Yes, sir." He asked how long she had been in bed before this. She said quite a while. He asked if he put his arm around her and she said, "Yes, sir." In the other bill it is shown the county attorney asked her what else he did to her. She answered, "Along in the latter part of the night we had intercourse." He asked, "How did he do that?" "Did he get on top of you?" She said, "Yes, sir." He asked, "Did he force your legs apart?" She said, "Yes, sir." He asked, "Did his private parts enter yours?" She answered, "Yes, sir." The bills, and neither of them show in what connection these questions were answered. They were somewhat suggestive and leading but the court explained the bills to the effect that the girl seemed slow to understand the questions otherwise put. Neither of these bills show any error. Carter v. State, 59 Texas Crim. Rep., 73, and a great many cases decided, both before and since, needless to cite.

Appellant's seventh bill complains of the court in not permitting his expert witness, Dr. Johnson, to answer certain questions about what lunatics frequently plan and lay schemes and devices to carry out, and about there being institutions where surgical operations are performed on parties who have brain pressure to relieve them; and institutions in which criminals are treated and their brain pressure removed to relieve them and their criminal propensities. The court in qualifying the bill stated: "No evidence that defendant had ever been thus treated for any such trouble," and correctly held that such evidence was inadmissible in this case.

There appears in the record what is claimed appellant's bill No. 8. This was not approved by the court, and, of course, on that account can not be considered by this court. Even if it had been, it presents no error.

The only other bill is to the argument of one of the special prosecuting attorneys wherein he complains that this attorney said: "Oh, you slick one, why didn't you go and bring some good people from that neighborhood up there that would say that she was fifteen years old, or that she was not born on the second day of January, 1901?" The connection in which this language is claimed to have been used is not given. The court in approving the bill did so with the explanation that "the defendant knew from the time of his arrest that the State would show by prosecutrix that she was under 15 and under all the evidence, argument, etc., this remark was not improper as defendant's counsel in argument had lamented the fact that the State had not brought neighbors to testify to her age." As qualified clearly the bill shows no error. We think it was a legitimate argument and especially so as being in reply to appellant's counsel's argument.

There are several complaints of the court's charge.  None of them present reversible error.  We will state and discuss such of them as we deem necessary.

The punishment for rape is death or confinement in the penitentiary for life or for any term of years not less than five to be fixed in the discretion of the jury.  Penal Code, article 1069.  In the first part of the court's charge defining rape and the punishment therefor, as to the punishment, he told the jury that it was by confinement in the penitentiary for any term of years not less than five, or death, thereby omitting to tell the jury that it could also be by confinement in the penitentiary for life.  When he submitted the question to the jury for a finding, he told them that if they found him guilty they would assess his punishment at confinement in the penitentiary for any term of years they might see fit not less than five.  We can not understand how such errors are made by the trial judges.  In neither of these places in his charge, nor elsewhere did he tell the jury the correct punishment and, of course, in that respect the charge was wrong.  In our opinion, in both instances, however, this was in appellant's favor and not against him, but especially is this the case when he submits the question to the jury for a finding for, under that, they could neither have assessed his punishment at death nor at confinement in the penitentiary for life.  In no event has appellant been injured by this, but on the contrary, if anything, was benefited by it.  Under such circumstances, article 743, Code Criminal Procedure, as it existed when this case was tried, prohibits this court from reversing, for it says, "Shall not be reversed unless the error was calculated to injure the rights of the defendant."  Besides, the verdict of the jury was for ten years—clearly within the period fixed as the lowest punishment, and under such circumstances it does not present reversible error.  Manning v. State, 46 Texas Crim. Rep., 326; Bell v. State, 31 Texas Crim. Rep., 521; Work v. State, 3 Texas Crim. App., 233; Jones v. State, 63 Texas Crim. Rep., 413; Christian v. State, 71 Texas Crim. Rep., 566, 161 S. W. Rep., 101.

The fourth and fifth paragraphs of the court's charge are as follows:

"4.  Now if you find and believe from the evidence beyond a reasonable doubt that the defendant, George Graham, did in Cooke County, Texas, prior to the filing of the indictment herein and about the time alleged therein, have carnal knowledge of Miss Irene Eaton, with or without her consent, and you also find that at the time of said carnal knowledge, if any, that the said Irene Eaton was then and there a female not the wife of the defendant, and that then and there she was under the age of fifteen years, then in that event you will find the defendant guilty and assess his punishment at confinement in the penitentiary for any term of years you may see fit, not less than five, unless you find the defendant not guilty under the section of this charge hereinafter given you on the subject of insanity.

"5.  If you do not find and believe from the evidence beyond a reasonable doubt that the defendant, prior to the filing of the indictment

herein and about the time alleged therein, had carnal knowledge of the said Irene Eaton, or if you find that he did have carnal knowledge of her, yet you find that she was fifteen years old or more, or if you have a reasonable doubt as to whether she was under the age of fifteen, then you will find the defendant not guilty."

In addition to this in other separate paragraphs the court expressly charged the jury that the burden of proof was on the State; that the defendant was presumed to be innocent until his guilt was established beyond a reasonable doubt and if the jury had a reasonable doubt as to his guilt to acquit him. It is elementary that in determining the sufficiency of a charge it must be construed as a whole and not by isolated extracts, excerpts or paragraphs. It must be treated as an entirety and regard must be had to the connection and interdependence of its several parts. No charge can be given in one paragraph as a whole. It should necessarily be given in separate and distinct paragraphs.

Again the charge and the language thereof must have a reasonable and not a strained or unreasonable construction. And the jury must be considered to be reasonably intelligent and capable men, sufficiently so to put such reasonable construction on the charge, and not a strained and unreasonable construction thereon. (Christian v. State, 71 Texas Crim. Rep., 566, 161 S. W. Rep., 104.)

Appellant complains of this language in the close of the fourth paragraph of the court's charge: "Unless you find the defendant guilty under the section of this charge hereinafter given you on the subject of insanity." Claiming that it unnecessarily emphasized the fact that the appellant urged insanity as a special defense, and that under the plea of not guilty, the burden was on the State to prove beyond a reasonable doubt that the girl was under the age of fifteen years and she was not the wife of the defendant and that she was a female and that he had carnal knowledge of her; and that, unless all these matters were proven to the satisfaction of the jury beyond a reasonable doubt, it would be their duty to acquit, even though defendant had urged insanity as a special defense. And claiming that these words eliminated from the jury every defensible matter, except insanity and that it was a charge on the weight of the testimony and would impress the jury with the fact that the court believed the defendant guilty and was only submitting the question of his insanity. We deem it unnecessary to discuss these various objections. The charge of the court that we have copied above, we think clearly refutes all of these exceptions.

The court charged on insanity as follows: "Among the defenses set up by defendant is that of insanity and with reference to this issue you are charged that no person can be convicted for an offense committed while he was insane. Now if you find and believe from the evidence that the defendant had carnal knowledge of the said Irene Eaton and you further find that she was under the age of fifteen years, yet you find that at the time of said carnal knowledge, if any, that the defendant did not

have sufficient mental capacity, resulting from a concussion of the brain or otherwise, to know the nature or quality of the very act he was committing, if any, or if he did know the nature or quality of the act, yet did not know he was doing wrong, or did not know the difference between right and wrong as to the particular act charged against him in this case, then you will find him not guilty on the ground of insanity, and if you find him not guilty on the ground of insanity, you will let your verdict so say. The burden of proof is on the defendant to establish his plea of insanity by a preponderance of the evidence and if he has failed to do so, you will find against him on this issue."

Several objections are made to some particular parts of this charge to this effect: That it assumed the act charged was committed by him and was, therefore, on the weight of the evidence; that in connection with the fourth paragraph it unduly emphasized the issue of insanity and in effect, it warranted a conclusion by the jury that in the court's opinion the only issue for them to determine was as to his sanity or insanity. Contending that it would not be necessary for the jury, by their verdict, to say that they acquitted on the ground of insanity; that the law only required a general verdict of not guilty. And claiming further that this part of the charge does not require the jury to believe, beyond a reasonable doubt, that the girl was not appellant's wife at the time of the alleged offense and that it authorized the jury to convict even if they found by a preponderance of the evidence that he had had carnal knowledge of said girl. We think none of appellant's objections are tenable. Taking the charge as a whole, it clearly required the jury to believe beyond a reasonable doubt all of the essential elements of the offense before they could convict, and it was not subject to appellant's objections by any reasonable and proper construction thereof.

By his last ground of his motion for new trial appellant claims to have discovered since the trial, new evidence by which it can be shown that the alleged raped girl was more than fifteen years old at the time. The record unquestionably shows that the court heard evidence on this ground of appellant's motion and after hearing it, overruled the motion. There is with the papers in this cause, a document filed some four weeks after the term of the court adjourned at which this trial occurred and when this motion was heard, that purports to be a statement of the facts heard on this motion. It is certified to by the court reporter, but is nowhere agreed to by the attorneys nor is it approved by the court. Therefore, under no circumstances can it be considered by us. No statement of facts in any case can be considered, unless it is approved by the trial judge. Statements of facts, showing the evidence heard on motions for new trial, under the uniform and an unbroken line of decisions, in order to be considered by this court, must be filed within term time and unless so filed it can not be considered. Black v. State, 41 Texas Crim. Rep., 185; Reinhard v. State, 52 Texas Crim. Rep., 59; Jarrett v. State, 55 Texas Crim. Rep., 550; Mikel v. State, 43 Texas Crim. Rep., 615; Williams v. State, 56 Texas Crim. Rep., 225; Probest

v. State, 60 Texas Crim. Rep., 608; Tarlton v. State, 62 S. W. Rep., 748; Knight v. State, 66 Texas Crim. Rep., 335, 144 S. W. Rep., 977; Bailey v. State, 65 Texas Crim. Rep., 1, 144 S. W. Rep., 1005. See also Jordan v. State, 10 Texas, 429; Sharp v. State, 6 Texas Crim. App., 658. Besides this, clearly appellant's motion itself does not show a compliance with the law as to this purported newly discovered evidence so as to show any error. Gray v. State, 65 Texas Crim. Rep., 204, 144 S. W. Rep., 283.

There being no reversible error the judgment is affirmed.

<em>Affirmed.</em>