HENRY ETHRIDGE v. THE STATE.

No. 3232.  Decided October 14, 1914.

**1.—Slander—Sufficiency of the Evidence.**

Where, upon trial of slandering a female, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.**

Where, upon trial of slander of a female, a certain witness who was friendly to the defendant had not been placed upon the witness stand during the trial, to which fact State's counsel referred, saying that defendant had not seen fit to put him on the stand to deny that he made the slanderous statement and that it had not been denied that defendant made such slanderous statements, this was not an allusion to defendant's failure to testify. Following Link v. State, 72 Texas Crim. Rep., 82, and other cases.

**3.—Same—Requested Charge.**

Where, upon trial of slandering a female, the special charge requested was not applicable to the facts and pleading in the case, there was no error in the

court's refusal to submit the same. Following Lawrence v. State, 20 Texas Crim. App., 536, and other cases.

**4.—Same—Statement of Facts.**

Where the attorneys failed to agree upon a statement of facts as to the testimony on trial as well as that heard on the motion for new trial, the duty, therefore, devolved upon the county judge to certify such statement of facts.

**5.—Same—Newly Discovered Evidence—Bill of Exceptions.**

In the absence of a bill of exceptions and a statement of facts filed within term time as to testimony heard on motion for new trial on the question of newly discovered evidence, the same can not be considered on appeal, and it must be presumed that the motion was correctly overruled.

**6.—Same—Rule Stated—Statement of Facts—Motion for New Trial.**

A statement of facts of the evidence heard on the motion for new trial must be filed within term time in the court below, and, unless so filed, it can not be considered on appeal. Following Black v. State, 41 Texas Crim. Rep., 185, and other cases.

Appeal from the County Court of Taylor. Tried below before the Hon. E. M. Overshiner.

Appeal from a conviction of slander of a female; penalty, a fine of $100 and six months confinement in the county jail.

The opinion states the case.

*Ben L. Cox,* for appellant.—On question of alluding to defendant's failure to testify: Dawson v. State, 24 S. W. Rep., 414; McCandless v. State, 62 S. W. Rep., 745; Minter v. State, 68 Texas Crim. Rep., 47, 150 S. W. Rep., 783.

On question of refusing requested charges: Elder v. State, 68 Texas Crim. Rep., 520, 151 S. W. Rep., 1052.

On question of newly discovered evidence: Cockrell v. State, 71 Texas Crim. Rep., 543, 160 S. W. Rep., 343; Spencer v. State, 69 Texas Crim. Rep., 92, 153 S. W. Rep., 858.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant appeals from a conviction of slander. We have carefully read and considered the statement of facts and record in this case more than once. The evidence amply sustains the verdict.

Appellant contends, and presents the question in various ways, that the evidence did not establish that the slanderous language used by him was with reference to the young girl it was alleged it was used about. It is unnecessary to detail the evidence. No useful purpose could be subserved by doing so. There can be no question from the evidence but that the language used was about the young girl and no other. The court's charge required the jury to so believe before they could convict.

The uncontradicted evidence shows that the slanderous language was used by appellant in the presence and hearing of six persons. The State introduced three of these who testified positively to its use. Ap-

pellant introduced another one of these witnesses who testified about
other matters, but appellant did not have him testify on this subject.
The other two of these witnesses were not introduced by either side.
The record clearly indicates that these witnesses, or John Reed, one of
them, especially, was friendly and favorable to appellant, and present
at the trial.

By one of his bills of exceptions he complains that the attorney spe-
cially employed in behalf of the State, used this language in his argu-
ment to the jury: "John Reed was present down there on the road
that night where the defendant uttered these false and malicious words
against this young lady; John Reed is here in attendance upon this
court and the defendant has not seen fit to put John Reed on the
witness stand to deny that he.made the statement, and it has not been
denied that the defendant said it." Appellant claims that this state-
ment was an allusion to the fact that the appellant himself did not
testify and claims that it is reversible error. He asked no written charge
of the court that the jury should disregard it. In our opinion it is not
a reference to the appellant's failure to testify and it does not present
error. Link v. State, 73 Texas Crim. Rep., 82, 164 S. W. Rep., 995,
and cases therein cited; Gatlin v. State, 72 Texas Crim. Rep., 516,
163 S. W. Rep., 428, and cases therein cited. It is needless to collate
and cite the many cases to the same effect.

The complaint and information aver that appellant did "falsely and
maliciously and falsely and wantonly impute, etc.," a want of chastity
to the young girl, naming her, in the presence and hearing of certain
persons, naming them, and averring the language used. This followed
the language of the statute. (P. C., art. 1180.) The evidence clearly
raised and would sustain a verdict more especially that appellant used
said language falsely and maliciously as well as falsely and wantonly.
Appellant requested only one charge which is to this effect: Before you
can convict the defendant you must find beyond a reasonable doubt that
he made the statements alleged in the complaint and that they referred
to said girl and that they were falsely and wantonly made, and unless
you so find, you will acquit him. It will be seen by this, that this
special charge would have submitted only that said statements were
falsely and wantonly made and to acquit him if they were not, leaving
out entirely the other element that they were falsely and maliciously
made. The court did not err in refusing. to give this special charge.
It has always been held by this court that if the special charge requested
in a misdemeanor case is not correct as applicable to the case, the court
must refuse it. This charge would have erroneously told the jury .to
acquit appellant, unless he falsely and wantonly made the statements,
when as a matter of fact, he was guilty if he falsely and maliciously
made them. Lawrence v. State, 20 Texas Crim. App., 536; Sparks v.
State, 23 Texas Crim. App., 447; Hobbs v. State, 7 Texas Crim. App.,
117; Perkins v. State, 65 Texas Crim. Rep., 311, 144 S. W. Rep., 241;
Mealer v. State, 66 Texas Crim. Rep., 140, 145 S. W. Rep., 354. It is
unnecessary to cite the many other cases so holding.

By appellant's only other bill he complains that the court committed reversible error by making up in the statement of facts on the main trial, also a statement of facts of the evidence introduced on the hearing of the motion for new trial. The attorneys failed to agree upon a statement of facts. The duty therefore devolved upon the county judge. He made and certified to a complete statement of facts of the evidence on the main trial. Following that, but entirely separate and distinct, he also made a statement of facts of the evidence heard on the motion for new trial and certified to that, the certificate to each being entirely separate and distinct. This, of course, presents no error.

The only other question necessary to be considered is appellant's complaint that the court should have granted his motion for new trial, because of newly discovered evidence. He attached the affidavits of certain persons of what he claims to be newly discovered evidence which he claims they would testify. The State contested this motion. The record, without question, shows, which was proper, that the court, in considering that motion, heard evidence thereon. What that evidence was is not shown by any bill of exceptions filed within term time, nor by any statement of facts filed within term time. There is, as stated above, a statement of facts made by the judge, of the testimony he heard on said motion, but it was not filed until some time after the court had adjourned. After hearing the evidence the court overruled the motion, and we must conclude that the evidence he heard clearly justified him in so acting. That we can not consider that purported statement of facts has been too long and well established to require discussion. In Graham v. State, 73 Texas Crim. Rep., 28, 163 S. W. Rep., 726, we cited some of the cases, holding:

"Statement of facts, showing the evidence heard on motions for new trial, under the uniform and an unbroken line of decisions, in order to be considered by this court, must be filed within term time, and unless so filed, it can not be considered. Black v. State, 41 Texas Crim. Rep., 185, 53 S. W. Rep., 116; Reinhard v. State, 52 Texas Crim. Rep., 59, 106 S. W. Rep., 128; Jarrett v. State, 55 Texas Crim. Rep., 550, 117 S. W. Rep., 833; Mikel v. State, 43 Texas Crim. Rep., 615, 68 S. W. Rep., 512; Williams v. State, 56 Texas Crim. Rep., 225, 120 S. W. Rep., 421; Probest v. State, 60 Texas Crim. Rep., 608, 133 S. W. Rep., 263; Tarleton v. State, 62 S. W. Rep., 748; Knight v. State, 64 Texas Crim. Rep., 541, 144 S. W. Rep., 967; Bailey v. State, 65 Texas Crim. Rep., 1, 144 S. W. Rep., 996. See, also, Jordan v. State, 10 Texas, 502; Sharp v. State, 6 Texas Crim. App., 650."

The record in this case shows no reversible error and the judgment is affirmed.

*Affirmed.*