# JANUARY, 1924.

### WESLEY BALUE v. THE STATE.

#### No. 7994.   Decided January 2, 1924.

1.—Manufacturing Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence supported the conviction, there is no reversible error.

2.—Same—Motion for New Trial—Statement of Facts.

Where the facts heard upon motion for new trial were not filed during the trial term they cannot be considered on appeal.—Following:   Black v. State, 41 Tex. Crim. Rep., 185.

3.—Same—Search and Seizure—Practice on Appeal.

An objection to the introduction of testimony discovered by the officers at the time of searching defendant's premises because they had no search warrant was correctly overruled.—Following:   Welchek v. State, 93 Tex. Crim. Rep., 271.

Appeal from the District Court of Kaufman.   Tried below before the Honorable J. S. Woods, Special Judge.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General for the State.—Cited cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County of the unlawful manufacture of intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The facts in evidence seem amply sufficient to support the conclusion of guilt and will not be set out at length.

Some time before the call for trial of this case appellant filed his application for a writ of injunction seeking to have the sheriff of Kaufman county and his deputies as well as the county attorney and his assistant enjoined from using in evidence against him any property found by the officers in a search made by them of appellant's premises, and also seeking to have the property then obtained by the officers returned to him.   Upon a hearing of this motion evidence

was heard by the court which was embodied in a statement of facts filed in the court below some months after the adjournment of the trial term. Under an unbroken line of authorities since Black v. State, 41 Texas Crim. Rep. 185, this court has declined to consider the statement of facts offered in support of a motion for new trial or any motion heard during the trial unless same be filed during term time.

Appellant has but one bill of exceptions in the record in which he complains of the introduction against him of the evidence discovered by the officers at the time they searched his premises, it being insisted that their search and seizure was wrongful under the Constitutions and laws of the United States and the State of Texas, and that the search warrant had by the officers was void because not in manner or form required by the statutes of this State. Practically all the contentions of appellant have been decided adversely to him in Welchek v. State, 93 Texas Crim. Rep. 271.

Finding no error in the record, an affirmance must be ordered.

*Affirmed.*