## CHARLES R. HOSKINS v. THE STATE.

### No. 2847. Decided December 10, 1913.

### Rehearing denied February 18, 1914.

**1.—Forgery—Suspended Sentence—Agreement of District Attorney.**

Where defendant filed a plea for suspension of sentence which the jury ignored, and he thereupon contended in his motion for new trial that he had an agreement with the district attorney that this should be done, etc., and that therefore the verdict should be set aside and a new trial granted, which motion the court heard and overruled, there was no reversible error.

**2.—Same—Statement of Facts—Motion for New Trial.**

A statement of facts of the evidence heard on motion for new trial must be filed during term time, and unless this is done, the same can not be heard on appeal. Following Black v. State, 41 Texas Crim. Rep., 185, and other cases.

Appeal from the District Court of El Paso. Tried below before the Hon. Dan M. Jackson.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stanton & Weeks,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—The appellant was convicted of forgery and his penalty fixed at four years in the penitentiary.

He filed a proper plea seeking to have the jury recommend that his sentence be suspended. The court properly submitted this question to the jury and the jury refused to so recommend. He plead guilty.

In his motion for new trial he alleged that he had agreed with the district attorney to plead guilty with the understanding from the district attorney that he should receive a sentence of two years and it should be suspended. He further therein says that he understands that sentence can only be suspended by the court when recommended by the jury, and the jury having failed to recommend the suspension of his sentence and the district attorney being unable to carry out the agreement with him, he thereupon asked that the verdict be set aside, he granted a new trial, another jury empaneled and again try his case; that he still insists that he wants to plead guilty and does not desire to avoid his agreement to that effect, but wants the State to carry out its agreement with him. This is the sole ground for a new trial. The judgment of the court on said motion shows that the court heard evidence thereon, and after hearing the evidence overruled the motion. What this evidence was the record in no way discloses. In his sworn plea, seeking a suspended sentence, he makes no allegation as to any agreement with the district attorney, but merely "states to the court that he has never heretofore been convicted of a felony in this or any other State; and makes application for suspended sentence, in case of conviction, as provided by law." Under the circumstances we must conclude that the testimony heard by the district judge on his motion for new trial did not sustain his allegation, and that the action of the court in overruling his motion is correct. So that the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

#### February 18, 1914.

PRENDERGAST, PRESIDING JUDGE.—After the original opinion affirming this case was handed down appellant made a motion for rehearing, and for a writ of certiorari to require the clerk to send up the statement of facts and other data which had not been filed herein when the original opinion was handed down. We granted the writ of certiorari and the clerk has now sent up and there has been filed herein the said papers. By them and the record in connection therewith it is shown that the term of court at which this conviction was had adjourned June 28, 1913. The court stenographer certifies that he was not called upon by appellant or his attorneys to prepare the statement of facts of the trial nor that heard on his motion for new trial until September, 1913, and that he at once on or about September 5, 1913, prepared both said statements of facts and delivered them to appellant's attorneys. The clerk shows that these papers were not handed to him for filing or other action until "some time in the month of September or October." And that

upon inquiry of the district judge who tried the case he was told to put his file mark thereon, as filed July 1, 1913, which he did.

What purports to be this original statement of facts heard on the trial of the case is neither agreed to by the attorneys for either side; nor is it in any way approved by the court. What purports to be a statement of facts heard on the motion for new trial is signed by the district attorney for the State and approved by the district judge, but it is not signed nor agreed to by appellant or his attorneys. This, however, would make no difference as the approval of the judge might be sufficient.

In no event can this purported statement of facts heard on the motion for new trial be considered by this court. In the first place, as shown above, it was not delivered to the clerk for filing until some time in September or October, 1913. Even the file mark placed on it by the clerk, of July 1, 1913, was after the adjournment of the court. It is unquestionably settled in this State that in order to be considered at all by this court, such statement of facts heard on the motion for new trial must be filed during term time, and unless so filed this court can not consider it. Black v. State, 41 Texas Crim. Rep., 185, Reinhard v. State, 52 Texas Crim. Rep., 59; Jarrett v. State, 55 Texas Crim. Rep., 550; Mikel v. State, 43 Texas Crim. Rep., 615; Williams v. State, 56 Texas Crim. Rep., 225; Probest v. State, 60 Texas Crim. Rep., 608; Tarleton v. State, 62 S. W. Rep., 748; Knight v. State, 64 Texas Crim. Rep., 541, 144 S. W. Rep., 967; Bailey v. State, 65 Texas Crim. Rep., 1, 144 S. W. Rep., 996. So that, as the record is presented to us, we can not review appellant's contention that a new trial should have been granted so that his claimed agreement with the district attorney that his sentence should be suspended could be enforced, even if the district attorney had power and authority to make any such agreement. The motion is overruled.

*Overruled.*