CLYDE ROBERTS v. THE STATE.

No. 3811. Decided December 15, 1915.

1.—Assault to Murder—Sufficiency of the Evidence.

Where, upon trial of assault with intent to murder, the evidence, although conflicting, was sufficient to sustain a conviction, there was no reversible error.

**2.—Same—Continuance—Want of Diligence.**

Where the application for continuance showed a want of diligence, there was no error in overruling the same. Following Stacy v. State, 77 Texas Crim. Rep., 52.

**3.—Same—Argument of Counsel—Bill of Exceptions.**

Where the bills of exception to the argument of counsel did not point out the error, they can not be considered on appeal; but if considered show no reversible error. Following Mooney v. State, 76 Texas Crim. Rep., 539, and other cases.

**4.—Same—Newly Discovered Evidence—Presumption.**

Where the record did not show a statement of facts on the motion for a new trial on the ground of newly discovered evidence, it must be presumed that the motion was correctly overruled. Following Knight v. State, 64 Texas Crim. Rep., 541, and other cases. Besides, the record showed a want of diligence in not discovering the alleged newly discovered evidence.

Appeal from the District Court of San Augustine. Tried below before the Hon. A. E. Davis.

Appeal from a conviction of assault with intent to murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Foster & Davis,* for appellant.—On question of continuance: Beard v. State, 55 Texas Crim. Rep., 154, 115 S. W. Rep., 592; sec. 259, Branch's Crim. Law.

On question of argument of counsel: Brailsford v. State, 158 S. W. Rep., 541; Daniels v. State, 71 Texas Crim. Rep., 662 160 S. W. Rep., 707.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at seven years in the penitentiary.

The evidence, while contradictory, is clearly sufficient to sustain the verdict.

Appellant made a motion for a continuance, which the court overruled. It so clearly shows a total lack of diligence that it is unnecessary to state or discuss it. Stacy v. State, 77 Texas Crim. Rep., 52, 177 S. W. Rep., 114.

Appellant has three bills of exception, complaining of the argument of the district attorney. The bills are very meager, and merely complain of a short sentence of the district attorney's argument in each instance, and in no way give any statement of the case so as to show under what circumstances they were made, nor do they show any such state of fact as to show the remarks were improper. We have considered each of the bills on the subject, and, in our opinion, the district attorney from the record was clearly authorized to make the arguments

complained of, and that neither of his bills shows any error. Pierson v. State, 18 Texas Crim. App., 524; Bass v. State, 16 Texas Crim. App., 62; House v. State, 19 Texas Crim. App., 227; Mooney v. State, 76 Texas Crim. Rep., 539, 176 S. W. Rep., 52.

The only other complaint is that the court should have granted a new trial because of claimed newly discovered evidence. The judgment of the court shows that, when he heard appellant's motion·for a new trial he heard the evidence thereon submitted, and then overruled his motion. What that evidence was is in no way shown in this record by bill of exceptions, statement of facts or otherwise. It is the well settled law of this State that, under such circumstances, we must, and do, presume the action of the court was correct, and that the evidence justified his action. Knight v. State, 64 Texas Crim. Rep., 541; Graham v. State, 73 Texas Crim. Rep., 28; Morris v. State, 73 Texas Crim. Rep., 67; Hoskins v. State, 73 Texas Crim. Rep., 107, and authorities cited in the opinions in these cases. ˙Besides this, the record as it is amply shows that appellant used no diligence to discover this claimed newly discovered evidence before the trial, and that any reasonable diligence on his part would have discovered this evidence. Sec. 1149, White's Ann. C. C. P.

The judgment is affirmed.

*Affirmed.*