## EDWARD B. JORDAN v. THE STATE.

### No. 3910. Decided February 2, 1916.

**1.—Murder—Continuance—Contest—Statement of Facts—Presumption.**

A statement of facts and bills of exception showing the testimony heard on a motion for new trial must be filed in term time, otherwise it will not be considered by this court, which must presume that the action of the lower court was correct. Following Graham v. State, 73 Texas Crim. Rep., 28, and other cases.

**2.—Same—Fugitive from Justice—Continuance.**

Without discussing the motion for continuance, this court will state that the record showed that one of the alleged absent witnesses was a fugitive from justice for, perhaps, two or three years before this case was tried, and on that ground there was no reversible error in overruling the application for continuance. Following Anderson v. State, 53 Texas Crim. Rep., 341, and other cases. Besides, it appeared from the record that the other absent witness would not have testified as alleged in the application for continuance. Following Hinman v. State, 59 Texas Crim. Rep., 29, and other cases.

**3.—Same—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of murder, the evidence sustained a conviction under a proper charge of the court, there was no error in refusing requested charges which were not the law or applicable to the facts.

**4.—Same—Husband and Wife—Practice in District Court.**

Where the court did not know when the parties called their witnesses that any one of them was defendant's wife until he was so informed by defendant's attorney and no jury had been empaneled at this time, and that when a continuance was heard and overruled the name of defendant's wife was not called as a witness, there was no error.

**5.—Same—Argument of Counsel—Husband and Wife.**

State's counsel may comment on the failure of defendant to produce his wife as a witness or upon any omission in her testimony if she testifies; besides, the bill of exceptions in no way shows the action of the court upon this matter. Following Mooney v. State, 76 Texas Crim. Rep., 539.

Appeal from the District Court of Scurry. Tried below before the Hon. John B. Thomas.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Woodruff & Woodruff* and *Smith & Spiller,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of the murder of his father, and his punishment assessed at twenty-five years in the penitentiary.

The original and supplemental record, as well as the statement of facts, are quite voluminous, especially the statement of facts. We have carefully read and considered all of them.

Appellant made a motion for a continuance to get two absent witnesses, his brother, H. C. Jordan, and Sid Hill. The State contested the motion. At the time, and before the trial, the court heard much evidence on this contest. In addition, the appellant made the overruling of his motion a ground of his motion for a new trial. This was also contested by the State. The court again heard evidence when hearing this contest of his motion for a new trial. There was no statement of facts agreed to, approved by the judge, and filed within term time of what this testimony was on either of said hearings by the court. Appellant has a bill of exceptions to the overruling of his motions, but this was filed long after the term at which he was tried had adjourned.

It is the settled law of this State, held many times in the decisions of this court, that a statement of facts or bills of exceptions showing the testimony heard on such motion must be properly agreed to, approved by the trial judge, and filed in term time, and, if not, this court can not consider it, but must, and does, presume that the action of the lower court was correct. Jones v. State, 74 Texas Crim. Rep., 350, 163 S. W. Rep., 75; Graham v. State, 73 Texas Crim. Rep., 28; Hoskins v. State, 73 Texas Crim. Rep., 107; Forrester v. State, 73 Texas Crim. Rep., 61; Roberts v. State, 78 Texas Crim. Rep., 317, 180 S. W. Rep., 1080. Many other decisions are cited in the opinions in these cases. It is unnecessary to collate them here.

Without discussing whether or not the diligence in this case was sufficient or that the testimony of either of said witnesses was material or probably true or the insufficiency of the application to continue and motion for new trial on that ground was wholly insufficient on various other grounds, we will state that the record, the motions themselves and the statement of facts on the trial of the case, without doubt, show that appellant's brother, H. C. Jordan, was a fugitive from justice and had been, with appellant's knowledge, for perhaps two or three years before this case was tried. On that ground alone, the court's refusal to continue on account of the absence of that witness and refusing a new trial was correct. Anderson v. State, 53 Texas Crim. Rep., 341; Sims v. State, 45 S. W. Rep., 705; Sinclair v. State, 34 Texas Crim. Rep., 453; Deckard v. State, 58 Texas Crim. Rep., 34.

The affidavit of the other witness, Sid Hill, was attached to the State's contest of appellant's motion for a new trial, and it shows that

that witness did not know and would not testify what appellant alleged he would in his application for a continuance. Wilkins v. State, 35 Texas Crim. Rep., 525; Henry v. State, 38 Texas Crim. Rep., 306; Hinman v. State, 59 Texas Crim. Rep., 29, and Singleton v. State, 57 Texas Crim. Rep., 560.

The evidence was amply sufficient to show, and we think the jury therefrom could conclude, as they did, that the appellant killed his father with malice. The court, therefore, did not err in refusing to give, and should not have given, his special charge to the effect that the evidence was insufficient to base a conviction for murder and instructing the jury peremptorily to find him not guilty of that offense. Neither did the court err in refusing to give his special charge to the effect that, if they believed from the evidence that deceased communicated to him the fact that he had had illicit intercourse with his wife, this was within the eyes of the law adultery, and appellant was justified in killing his father and to find him not guilty. Such charge was not the law. The court in his charge submitted even more favorably than the evidence and the law would justify every issue in appellant's favor that was raised by the evidence, or even remotely suggested thereby.

Appellant has a bill which, together with the judge's qualification and approval thereof, shows that, when the case was first called for trial, both parties proceeded to call their witnesses to determine whether they were ready. Among the witnesses called were several of the Jordan women. The court did not know that any one of them was appellant's wife until his attorneys so stated to the court. At this time no jury had been empaneled and no announcement of ready made, and, when the motion for a continuance was heard and overruled, his wife's name was not called as one of the witnesses. This, of course, shows no error.

Appellant has another bill, which alleges that the district attorney "stated in his argument to the jury that the defendant's wife was then present in the courtroom"; to which he objected. The bill in no way shows the action of the court. The record shows appellant did not ask any charge instructing the jury not to consider this remark by the district attorney. It is the well settled law of this State, as stated by Mr. Branch, in his Criminal Law, section 61, as follows: "State's counsel may comment on the failure of defendant to produce his wife as a witness or upon any omissions in her testimony, if she testifies," citing quite a number of cases decided by this court to that effect. This bill shows no error whatever. Mooney v. State, 76 Texas Crim. Rep., 539, 176 S. W. Rep., 52, and cases therein cited.

Nothing else is presented for review. The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE, not present at consultation.