Alvin Wood v. The State.

No. 3909.   Decided February 2, 1916.

**1.—Seduction—Sufficiency of the Evidence.**

Where, upon trial of seduction, the evidence, although conflicting, sustained the conviction, on a proper charge of the court, there was no reversible error. Following Kearse v. State, 68 Texas Crim. Rep., 633.

**2.—Same—Continuance—Motion for New Trial—Affidavit—Not Probably True.**

Where it appeared on defendant's motion for new trial that one of the absent witnesses would not have testified as alleged in defendant's application for continuance, and there was no affidavit of the other absent witness that he would have so testified, there was no reversible error, in the absence of a showing that the court did not exercise proper discretion in overruling the motion for a new trial; besides the absent testimony was probably not true in the light of the other evidence in the case.   Following Graham v. State, 73 Texas Crim. Rep., 28, and other cases.

**3.—Same—Rule Stated—Discretion of Court.**

It is well settled that an accused is not entitled to a continuance as a matter of right, and that the truth merits a sufficiency of his motion for a continuance are matters now addressed to the sound discretion of the trial court.

**4.—Same—Rule Stated—Testimony Not Probably True.**

An application for a continuance will be held properly overruled when, in connection with the evidence adduced on the trial, it is apparent that the proposed absent testimony would not be probably true.

**5.—Same—Rule Stated—More Favorable Verdict.**

This court will not reverse a judgment on account of the refusal of a postponement or a continuance, unless, in connection with the other evidence adduced on the trial, this court is impressed with the conviction, not merely that the defendant might probably have been prejudiced in his rights by such ruling, but that it was reasonably probable that if the absent testimony had been before the jury a verdict more favorable to the defendant would have resulted.   Following Stacy v. State, 77 Texas Crim. Rep., 52.

**6.—Same—Requested Charges—Corroboration.**

The law in this State is well settled that in prosecutions for seduction the testimony of the seduced girl does not have to be corroborated in each and all of the necessary elements of the offense.   The corroborative evidence may be slight and the requirements of the statute are fulfilled if there be any corroborative evidence which of itself tends to connect the accused with the commission of the offense, and there was no error in refusing requested charges on the matter of corroboration, promise of marriage, etc.   Following Nourse v. State, 2 Texas Crim. App., 304.

**7.—Same—Character of Offense—Nature of Proof.**

In cases of this character proof in the nature of things generally can not be made other than by testimony of the accomplice, corroborated by such circumstances as to the time and place, opportunity and the course of dealing or treatment betewen the parties along about the time, as would tend to show such fact.   Following Holmes v. State, 70 Texas Crim. Rep., 423, and other cases.

**8.—Same—Corroboration—Circumstantial Evidence.**

It is also the well-settled law of this State that the corroboration of a witness who is an accomplice can as well be made by circumstantial as by positive

testimony, and in seduction cases corroboration must be had largely by circumstantial evidence.

**9.—Same—Sufficiency of Corroboration—Requested Charges—Promise of Marriage.**

Where, upon trial of seduction, there were many facts and circumstances in evidence, outside of the testimony of the prosecutrix, which amply corroborated her testimony, the court correctly refused requested charges with reference to trading her virtue or conditional promise of marriage.

**10.—Same—Charge of Court—Reasonable Doubt—Presumption of Innocence.**

Where, upon trial of seduction, the court, in submitting the case for a finding, required the jury to affirmatively believe beyond a reasonable doubt from the evidence every fact essential to defendant's conviction before they were authorized to do so, and, in addition to giving the reasonable doubt and presumption of innocence, gave the converse of this submission of the case, and thereto applied the reasonable doubt, there was no reversible error. See opinion for charge of court.

**11.—Same—Evidence—Declarations of Defendant.**

Upon trial of seduction, there was no error in admitting in evidence the declarations of defendant with reference to finding means of bringing about an abortion upon a female which he did not name, but which he so designated that she could not have been anyone else except the prosecutrix.

**12.—Same—Evidence—Corroboration—Circumstantial Evidence.**

Upon trial of seduction, there was no error in admitting in evidence testimony that the defendant, while pulling a handkerchief out of his pocket dropped three or four condrums on the floor which he tried to cover up with his foot, which occurred prior to the time that he showed to the prosecutrix certain condrums; as this was a circumstance to corroborate the testimony of the prosecutrix.

Appeal from the District Court of Palo Pinto. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. W. Moyer, J. T. Ranspot,* and *W. P. Gibbs,* for appellant.—On question of postponement and continuance: McCline v. State, 7 S. W. Rep., 667; Taylor v. State, 11 S. W. Rep., 35.

On question of declarations of defendant: State v. Bruton, 161 S. W. Rep., 751.

On question of refusing requested charges: Gleason v. State, 178 S. W. Rep., 506; Spenrath v. State, 48 S. W. Rep., 192; State v. Reeves, 10 S. W. Rep., 841.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of refusing continuance: Howard v. State, 8 Texas Crim. App., 53; Dunlap v. State, 9 id., 179; Bronson v. State, 59 Texas Crim. Rep., 17; Goode v. State, 57 id., 220; Deckard v. State, 58 id., 34; Patton v. State, 58 id., 231; Gipson v. State, 58 id., 403; Bost v. State, 64 id., 464; Hunter v. State, 59 id., 439; Lane v. State, 59 id., 595; Johnson

v. State, 61 id., 104; Trinkle v. State, 59 id., 257; Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317; Fletcher v. State, 69 Texas Crim. Rep., 135, 153 S. W. Rep., 1134; McCuen v. State, 75 Texas Crim. Rep., 108, 170 S. W. Rep., 738; Murff v. State, 76 Texas Crim. Rep., 5, 172 S. W. Rep., 238.

On question of corroboration and refusing requested charges: Bailey v. State, 36 Texas Crim. Rep., 540; Branch's Crim. Law, 734.

On question of declarations of defendant as referring to prosecutrix: Howe v. State, 177 S. W. Rep., 497.

PRENDERGAST, Presiding Judge.—Appellant was convicted of seduction with the lowest punishment assessed.

We see no necessity of reciting the testimony. It was conflicting on several material points. That of the State was amply sufficient, if believed by the jury, to clearly justify the verdict. It evidently was believed by the jury. That of the appellant was amply sufficient, if it had been believed by the jury, to have secured his acquittal. The jury evidently did not believe him and his side of the testimony. This matter was entirely for the jury and the lower court. The jury, under the law, were the exclusive judges of the credibility of the witnesses, the weight to be given their testimony and the facts established. We can not disturb the verdict. Kearse v. State, 68 Texas Crim. Rep., 633.

The trial judge gave an admirable charge submitting properly every issue necessary or proper to be submitted to the jury. There were no objections to the court's charge.

Appellant made a motion for a continuance on account of the absence of two witnesses, Ray Morris and Floyd Boarman. After the trial had progressed and some evidence had been introduced, appellant renewed his motion for a postponement, or a continuance, in order to get these two witnesses. Both these motions were overruled. By each witness he stated that he expected to prove that each of them had had sexual intercourse with Miss Roxie Christian, prosecutrix, prior to the time he is alleged to have seduced her. He claimed that each of these absent witnesses would so testify. On the face of his motions, they were apparently good and showed sufficient diligence. After his conviction, in his motion for new trial, he set up the overruling of his said motions as a ground for new trial. The State vigorously contested the motion, alleging, in substance, that no such proof could be made by either of said witnesses and that neither of them would testify that they had had sexual intercourse with the prosecutrix. The district attorney attached as a part of his resistance the affidavit of said Boarman, swearing positively that he never at any time had intercourse with the prosecutrix, and that he would not have sworn on the trial that he had had any act of sexual intercourse with her, and that he never at any time even suggested such a thing to her. The motion for a new trial was not acted upon by the court until about four weeks after the trial. Appellant attached no affidavit of the witness Ray Morris that he would have so testified on the trial.

The record shows with certainty that the court heard evidence at the time he acted upon said motion for new trial. What evidence he heard is not disclosed by any statement of facts, bill of exception or other proper way of bringing the testimony and showing it to this court. Under the circumstances and well settled law of this State, the court's action, therefore, in overruling the motions for a continuance and the motion for a new trial on the ground of the absence and lack of testimony of these witnesses, presents no error. Jones v. State, 74 Texas Crim. Rep., 350, 163 S. W. Rep., 75; Graham v. State, 73 Texas Crim. Rep., 28; Hoskins v. State, 73 Texas Crim. Rep., 107; Forester v. State, 73 Texas Crim. Rep., 61; and where some of the cases are collated: Roberts v. State, 78 Texas Crim. Rep., 317, 180 S. W. Rep., 1080.

In explanation of appellant's bills to the overruling of his motion for a continuance as to the witness Morris, the court allowed the bill with this explanation: "That the evidence showed that the witness Ray Morris had ceased paying attendance to the prosecutrix long prior to the alleged seduction, and there was not a fact or circumstance in evidence that cast the slightest suspicion on the prosecutrix in connection with the said Ray Morris, nor in connection with any other man except the defendant, and in the opinion of the trial court, in the light of the testimony, the said Ray Morris would not have testified that he did have intercourse with the prosecutrix at any time, and if he would so testify, that his said evidence is not probably true and would not have changed the result of this trial."

It is the well settled law of this State, both by our statute and a very large number of decisions that an accused is not entitled to a continuance as a matter of right; that the truth, merits and sufficiency of his motion for a continuance are matters now addressed to the sound discretion of the trial court. Judge White, in his Ann. C. C. P., sec. 643, lays down the correct proposition that an application for a continuance will be held properly overruled when, in connection with the evidence adduced on the trial, it is apparent that the proposed absent testimony would not be probably true, citing a large number of decisions supporting his proposition. Again, in section 647, he lays down the proposition that this court on appeal will not revise or reverse the judgment of the lower court refusing a continuance or postponement and the overruling of the motion for new trial based upon such applications, unless it is made to appear by the evidence adduced at the trial that the proposed absent testimony was not only relevant and material, but probably true, citing a great many cases sustaining his proposition. And, further, in section 647, paragraph 2, he lays down this correct proposition: that this court on appeal will not reverse a judgment on account of the refusal of a postponement or a continuance, unless, in connection with the other evidence adduced on the trial, this court is impressed with the conviction, not merely that the defendant might probably have been prejudiced in his rights by such ruling, but that it was reasonably probable that, if the absent testimony had been before

the jury, a verdict more favorable to the defendant would have resulted, citing a large number of cases supporting that proposition. The trial judge below, as shown by his qualification, properly acted upon these correct propositions of law applicable in this case, and in no event does his action in refusing a continuance or a postponement or a new trial because of the absence of said witnesses show any reversible error. Stacy v. State, 77 Texas Crim. Rep., 52, 177 S. W. Rep., 114.

The court did not err in refusing to give either of appellant's special charges shown by his bill of exceptions: one, to the effect that "the prosecutrix shows she traded her virtue for a promise of marriage; that the only promise made to her was the defendant would marry her if she became pregnant, or anything happened to her from said intercourse. You will, therefore, find the defendant not guilty, and so say by your verdict." Another, to the effect that "the State must corroborate the testimony of the prosecutrix as to the act of copulation, and, having wholly failed to corroborate her on said point, you are instructed to find the defendant not guilty, and so say by your verdict." And the other to the effect that: "The State has failed to corroborate the testimony of the prosecutrix as to the promise of marriage, and the testimony of the said prosecutrix is before you wholly without corroboration; you are, therefore, instructed to find the defendant not guilty, and so say by your verdict." Neither of these charges should have been given.

The law in this State is well settled that in prosecutions for seduction the testimony of the seduced girl does not have to be corroborated in each and all of the necessary elements of the offense. The corroborative evidence may be slight; and the requirements of the statute are fulfilled if there be any corroborative evidence which of itself tends to connect the accused with the commission of the offense. Such corroboration only is necessary as is sufficient to satisfy a jury beyond a reasonable doubt of the truth of the charge in connection with the testimony of the accomplice. Nourse v. State, 2 Texas Crim. App., 304; Jones v. State, 4 Texas Crim. App., 529; Tooney v. State, 5 Texas Crim. App., 163; Simms v. State, 8 Texas Crim. App., 230; Clanton v. State, 13 Texas Crim. App., 139; Moore v. State, 47 Texas Crim. Rep., 410; Nash v. State, 61 Texas Crim. Rep., 259; Williams v. State, 59 Texas Crim. Rep., 347; Bost v. State, 64 Texas Crim. Rep., 464, 144 S. W. Rep., 589; Murphy v. State, 65 Texas Crim. Rep., 55, 143 S. W. Rep., 616. This must necessarily be the law and the proper construction of the statute in cases of this character, for acts of intercourse are always as secret and private as can be and under such circumstances as the parties themselves believe will prevent their detection or even suspicion at the time. Also, engagements of young persons to marry are made in private and in secret between them, and very generally, if not entirely, the fact of engagement for at least some length of time is kept as private and secret between them as can well be. Therefore, proof, in the nature of things, generally can not be made other than by the testimony of the accomplice corroborated by such circumstances as to the time and place, opportunity and the course of dealing or

treatment between the parties. along about the time as would tend to show such facts. Holmes v. State, 70 Texas Crim. Rep., 434, and cases therein cited; Curry v. State, 68 Texas Crim. Rep., 262; Curry v. State, 72 Texas Crim. Rep., 463; Nash v. State, 61 Texas Crim. Rep., 259 (Judge Ramsey's opinion) and 281 (Judge McCord's opinion) and cases cited by them; Warren v. State, 67 Texas Crim. Rep., 273; Gillespie v. State, 73 Texas Crim. Rep., 599. A large number of other cases are collated in those we have just cited above. It is unnecessary to collate them here again. It is also the well settled law of this State that the corroboration of a witness who is an accomplice can as well be made by circumstantial as by positive testimony. In seduction cases corroboration must be had largely by circumstantial testimony.

We have carefully read and considered the testimony in this case. There are many facts and circumstances testified to by witnesses other than the prosecutrix which corroborate her under the law amply as to every material fact where corroboration was necessary. We think no useful purpose could be served by taking up the testimony of the prosecutrix and each witness to show that she was amply corroborated.

Her testimony, taken as a whole, alone, or in connection with the other testimony, did not justify the court to tell the jury that she had traded her virtue for a promise of marriage; that the only promise made to her by defendant was that he would marry her if she became pregnant, or if anything happened to her from intercourse, as claimed by one of appellant's charges. Her testimony clearly tends to show the reverse of this.

The court, in submitting the case for a finding, required the jury to affirmatively believe beyond a reasonable doubt from the evidence every fact essential to appellant's conviction before they were authorized to do so, and, in addition to giving the reasonable doubt and presumption of innocence, he gave the converse of this submission of the case to them and told the jury: "That, if you do not so believe and find from the evidence beyond a reasonable doubt, to acquit him." And, in addition to all this, the court charged the jury as follows:

"The term 'seduce' as used in this charge means: to lead away from the path of virtue by a promise of marriage, and the carnal intercourse must occur by virtue of the promise of marriage. It means an enticement of a woman on the part of a man to surrender her chastity by means of a promise of marriage, and the promise must be absolute and unconditional.

"In this connection, you are further instructed, that if you believe from the evidence that the defendant had promised to marry prosecutrix and that thereafter and while said promise and engagement was still in force, he induced her to have intercourse with him and to permit him to have carnal knowledge of her person, by virtue of said promise, then this would constitute seduction.

"On the other hand, if the defendant induced the prosecutrix to have carnal intercourse with him (if he did have such intercourse with her) upon the conditional promise that if she became pregnant he

would marry her, and if she yielded to his embraces and permitted him to have carnal knowledge of her solely upon the condition that he would marry her provided she became pregnant, or if you have a reasonable doubt as to whether or not she did, then this would not constitute seduction, and defendant should be acquitted

"Moreover, gentlemen, if the defendant had carnal knowledge of the prosecutrix and in yielding to him she was induced to do so through lust or from any other motive than that of an absolute promise to marry her, he can not be convicted.

"Our law provides that a conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows that some person has committed the offense.

"In this connection, gentlemen, you are instructed that Roxie Christian is an accomplice, and that a conviction can not be had upon her testimony although the jury may believe the same to be true, and that it establishes the guilt of the defendant beyond a reasonable doubt, unless her testimony is corroborated by other evidence tending to establish the fact that the defendant, prior to the alleged intercourse and on or about July 5, 1914, or after said date promised to marry the said Roxie Christian, and unless her testimony is corroborated by other evidence tending to show that the defendant actually had carnal knowledge of her, the said Roxie Christian, by virtue of said promise of marriage, and the corroboration is not sufficient if it merely shows that some person has seduced or had carnal knowledge of Roxie Christian."

The testimony shows that appellant was rather an intimate friend of Harve Brothers and had been for many years. That Mr. Brothers was in no way related to any of the parties, nor shown to have been in any way biased or prejudiced. At the State's instance he testified: "I had a conversation with Alvin Woods in January of this year in the merchandise store at Strawn. I was in the store when he came in. He called me off and asked me if I knew of any medicine to knock a kid and asked me if I would get it for him, and I told him I had never had any trouble like that and didn't know anything about it. I asked him who he had trouble with and he said, 'A girl on the creek.' He never called the name. He said he was going to marry her or leave, and he said he would leave. I am well acquainted with the people in that neighborhood. I have not heard of any other unmarried woman in that neighborhood that has gotten in a family way except Miss Roxie Christian." Appellant objected to this testimony, because it did not disclose that prosecutrix was the girl to whom he referred, nor what kind of trouble he referred to, and that the girl over on the creek was too vague and indefinite to locate the residence or whereabouts of the prosecutrix, and it was so general that it might apply to any girl on any creek, and it was calculated to injure and prejudice him before the jury. The court approved the bill with this explanation and qualification: "That the evidence showed that in July, August and Septem-

ber of 1914, the prosecutrix lived within about 300 yards of Ioni creek, and the neighborhood in which she lived was referred to and known by the people generally as 'on the creek.' That the proof further showed that during said time, the defendant was paying assiduous attention to the prosecutrix, with her practically every Sunday, spending some nights at her home, and many of the week days. And the evidence further showed that he was paying court to no other girl, and that prosecutrix is the only unmarried woman who got in a family way on that creek or in that section of the country during the year 1914. And the court felt, under the circumstances that this evidence should go to the jury and leave them to determine whether or not the defendant's statements alluded to the prosecutrix." The evidence showed that appellant then did leave Palo Pinto County and went to a distant county. This evidence was clearly admissible.

The, appellant, first, on cross-examination of prosecutrix, asked her about appellant's having condoms and having exhibited them to her. At the instance of the State, said Brothers and Cleve Foreman each testified, in substance, after the prosecutrix had testified, that at the close of the school in the spring of 1914, they were at a dance at Mr. Riebe's. That appellant was there. That they saw him pull a handkerchief from his pocket and drop three or four condoms on the floor, which he tried to cover up with his foot. Appellant objected to all this for various reasons. In approving this bill, the court did so with this explanation: "That this incident occurred prior to the time that defendant is alleged to have had intercourse with prosecutrix, and she testified that during the time he was having intercourse with her, he exhibited to her some condoms. Which fact, if true, would show or tend to show an undue intimacy between defendant and prosecutrix, and that he was actually having intercourse with her. And evidence that he was in possession of condoms prior to the time she alleges that he showed them to her was, in the opinion of the trial court, a circumstance tending to corroborate her statement that he did show them to her, and also that he was having intercourse with her." Under the facts and circumstances of this case and as thus qualified by the judge, the said testimony was admissible.

There is no other question raised requiring discussion.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE, not present at consultation.