## CHARLIE KNOX v. THE STATE.

No. 13569.   Delivered October 8, 1930.
Rehearing denied December 3, 1930.
Reported in 32 S. W. (2d) 841.

The opinion states the case.

*Joe W. Taylor* and *Miller & Price,* all of Waco, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Robbery with firearms is the offense; penalty, confinement in the penitentiary for a period of twenty years.

About three o'clock in the afternoon of November 3, 1927, a bank at the village of Tehaucana, situated about six miles from Mexia, the county seat of Limestone County, was robbed by four men who, on the trial, were identified by persons who were in the bank at the time of the robbery. Firearms were exhibited. The robbers were Charlie Knox, two men by the name of Bruton, and a man by the name of James Sadler.

Sadler testified for the State. He stated in substance that the parties left Terrell, in Kaufman County, Texas, on November 2nd and went to various places, spending the night in Palestine, in Anderson County, Texas; that on the morning of November 3rd, he and his companions were at a barber shop in Malakoff, in Henderson County, and between 2:30 and 3:00 o'clock of that day they reached Tehaucana, where they robbed a bank; that after leaving the bank they went some distance, set their automobile on fire and divided the money.

The appellant testified in his own behalf and claimed that at the time the bank was robbed he was at the home of his mother in Terrell, Kaufman County, Texas, and named certain other persons who, he claims, were at his mother's house, namely, Mrs. Badger, Mrs. Hunt and Mrs. Turner. He denied any knowledge of or connection with the robbery, and named other persons in Terrell whom he saw at the time of the robbery.

The testimony of the accomplice Sadler was supported by that of the witness Johnson, who saw the appellant and his alleged companions at Malakoff about 7:00 o'clock in the morning of the day on which the robbery took place.

Mrs. Badger supported the appellant's theory of alibi, stating that she saw him at his mother's home at about 3:00 o'clock on the day on which the robbery occurred.

· A motion for a continuance because of the absence of Mrs. Lula Turner was overruled. She was one of the persons named by the appellant and his mother as having been present at the Knox home and who saw the appellant in the afternoon of November 3, 1927. The application for a continuance was controverted and the affidavit of Mrs. Turner attached thereto in which she stated that she had known the appellant for many years; that she saw him

during the latter part of October or the first week of November, 1927, but could not name the day of the week or what day of the month it was in; that she never told anybody that she had seen him on November 3, 1927 because she did not know; that she absolutely could not say whether she saw Charlie Knox on the day that the bank was robbed or not; that all she could say was that she saw him twice in one day about that time, but that she did not know when it was. The court was justified in overruling the application. It is made evident by the affidavit of the witness that she would not give the testimony set out in the application for a continuance. Vickers v. State, 92 Tex. Cr. R. 182; Allen v. State, 281 S. W. 545; Branch's Ann. Tex. P. C., Sec. 337, and cases there collated, including Shaw v. State, 32 Tex. Cr. R. 155.

It is understood from bill of exception No. 2 that Mrs. Badger was introduced as a witness for the appellant. Her testimony is not set out in the bill, but it appears that the State's attorney asked her in substance if she was not a sweetheart of the appellant and if she had not, in the presence of the State's attorney and others, hugged and kissed the appellant. She replied that she was not his sweetheart and had not loved and fondled him in the presence of the officers. In argument, State's attorney said he did not blame the mother of the appellant and Mrs. Badger (his sweetheart) for testifying in his behalf. Defendant's counsel then said in argument that if the denial of Mrs. Badger was not true, it looked like the District Attorney would have taken the witness-stand and testified in contradiction of her, but that he had not done so. In reply to this argument, counsel for the State stated in substance to the jury that he had not offered to testify because it would be an impeachment of the witness on an immaterial issue and that upon objection his testimony would be excluded, but that he would now testify if there would be no objection upon the part of counsel for the accused. These remarks are made the subject of complaint but are not regarded such as would require or justify a reversal of the judgment. The bill fails to show what testimony Mrs. Badger gave or how the remarks would injure the appellant. Moreover, the response was in the nature of an invited argument. In Branch's Ann. Tex. P. C., Sec. 363, it is said:

"The defendant is not entitled to complain of improper argument of State's counsel which is occasioned and justified by the argument of his own counsel," citing Baker v. State, 4 Tex. Ct. App. 229, and many other cases.

From Bill of Exception No. 3 it appears that Mrs. Badger was a material witness for the accused; that on cross-examination, in response to questions propounded by State's counsel, she stated that her maiden name was Annie Martin; that she had been married twice, first to a man named Webb and later to a man by the name of Badger; that at the time of the trial she was not married; that her former husbands were both living. Objection to this cross-examination is presented for review. However, it is not deemed adequate ground for reversal.

The evidence supports the verdict and no error warranting a reversal appears. The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant again insists upon error in the refusal of his application for a continuance because of the absence of Mrs. Turner. The facts in this case show that the bank at Tehaucana in Limestone county, was robbed at about 3 o'clock P. M. on November 3, 1927. Appellant was identified as one of the robbers. In his application for continuance he set up that he could prove by Mrs. Turner that she saw him in Terrell, Kaufman county, at 3 o'clock P. M. on November 3, 1927. This application was controverted by the State, and the affidavit of Mrs. Turner was attached to the State's answer to the motion. In the affidavit Mrs. Turner said that she saw appellant in Terrell some time in the latter part of October or early part of November 1927, but she could not say what day of the week or what month, and that she positively would not testify that he was in Terrell on the 3rd day of November of said year. Appellant contends that the trial court had no right to consider said affidavit or use same as a basis for overruling the application for continuance. This court held otherwise in the cases of Wilkins v. State, 35 Texas Crim. Rep. 525; Jordan v. State, 78 Texas Crim. Rep. 653, and Washington v. State, 106 Texas Crim. Rep. 149. The matter is so plainly settled against appellant in the discussion of the cases referred to that we do not deem it necessary to further analyze the proposition. The other contentions of appellant are not deemed of sufficient materiality to call for discussion.

The motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.